**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **RICKY HORD**, | | |
| Plaintiff, | ) | **Case No. _____** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **MCCORMICK TRUCKING, INC.,  TRACIE** | ) | |
| **MCCORMICK, INC.,  ACTION TRAILER** | ) | |
| **SERVICES, INC., ROBERT MCCORMICK,** | ) | |
| **and TRACIE MCCORMICK**, | ) | |
| | ) | **JURY DEMAND** |
| Defendants. | ) | |

---

## COMPLAINT

---

Plaintiff Ricky Hord ("Plaintiff"), by and through undersigned counsel, brings this Complaint against Defendants McCormick Trucking, Inc., Tracie McCormick, Inc., Action Trailer Services, Inc., Robert McCormick, and Tracie McCormick (collectively, "Defendants"), and states as follows:

### I. JURISDICTION AND VENUE

1.      This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., to recover from Defendants unpaid overtime compensation, interest thereon, liquidated damages, costs of suit, and attorney's fees. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b) and the claim raises a federal question pursuant to 28 U.S.C. § 1331.

2.     Venue is proper in this court pursuant to 28 U.S.C. § 1391(b)(1) and (2) because Defendants resides in this district, Plaintiff worked in this district for Defendants, and a substantial part of the events or omissions giving rise to the claims occurred in this district.

3.     Defendants have therefore availed themselves of the privilege of doing business within the state of Tennessee and is subject to this Court's personal jurisdiction.

## II. PARTIES

4.     Plaintiff Ricky Hord is an adult citizen of the United States who resides in Shelbyville, Bedford County, Tennessee.

5.     Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e)(1) and he was engaged "in commerce or in the production of goods for commerce" under the FLSA.

6.     Defendant McCormick Trucking, Inc. is a Tennessee for-profit corporation with its principal place of business at 4403 W Jefferson Pike, Murfreesboro, TN 37129. It may be served through its Tennessee registered agent: Robert A. McCormick, 4403 W Jefferson Pike, Murfreesboro, TN 37129.

7.     Defendant Tracie McCormick, Inc. is a Tennessee for-profit corporation with its principal place of business at 4403 W Jefferson Pike, Murfreesboro, TN 37129. It may be served through its Tennessee registered agent: Tracie McCormick, 4403 W Jefferson Pike, Murfreesboro, TN 37129.

8.     Defendant Action Trailer Services, Inc. is a Tennessee for-profit corporation with its principal place of business at  4403 W Jefferson Pike, Murfreesboro, TN 37129. It may be served through its Tennessee registered agent: Brandy McCormick Markum, 4403 W Jefferson Pike, Murfreesboro, TN 37129.

2

9. Defendant Robert McCormick ("Mr. McCormick") is upon information and belief a resident of Rutherford County, Tennessee, and is an owner-manager of McCormick Trucking, Inc. Mr. McCormick may be served with process at his business address, 4403 W Jefferson Pike, Murfreesboro, TN 37129.

10. Defendant Tracie McCormick ("Ms. T. McCormick") is upon information and belief a resident of Rutherford County, Tennessee, and is an owner-manager of McCormick Trucking via Tracie McCormick, Inc. Ms. McCormick may be served with process at her business address, 4403 W Jefferson Pike, Murfreesboro, TN 37129.

11. During the time period relevant to this action, Defendants were Plaintiff's "employer" as that term is defined in the FLSA, 29 U.S.C. §203(d).

12. Mr. McCormick and Ms. McCormick are actively engaged in the management of the corporate defendants as owner-managers, and they meet the definition of "employer" under section 203(d) of the FLSA. Both individuals make managerial decisions for the business in relation to the employees, such as supervising, hiring and firing, and they are responsible for the day-to-day operations of Defendants' trucking business.

13. Defendants constitute a single enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

14. Defendants have exceeded $500,000.00 in annual dollar volume of business in each of the past three years.

### III. FACTUAL ALLEGATIONS

### A. Defendants

15. Defendants together operate a trucking company that exclusively transports mail for the U.S. Postal Service through dozens of prime contracts with the federal government.

16.     Defendants operate out of their corporate headquarters in Murfreesboro, Tennessee, and they have routes as far west as Ft. Worth, Texas, and as far north as Rochester, New York.

17.     Defendants constitute one "enterprise" under the FLSA because their combined annual sales or receipts exceed $500,000 and they perform related activities through unified operation or common control by Mr. McCormick and Ms. McCormick, and  for the common business purpose of transporting U.S. Mail. 29 C.F.R. § 1620.7.

### B. Plaintiff

18.     Plaintiff was employed by Defendants from approximately February 2018 until August 2020.

19.     During his tenure with Defendants, Plaintiff held the job title of maintenance coordinator.

20.     As a maintenance coordinator, Plaintiff ordered truck parts, talked to vendors, and called in assistance for drivers when their trucks broke down.

21.     Defendants paid Plaintiff an hourly rate of $13.50.

22.     Defendants regularly required or permitted Plaintiff to work a full-time schedule, plus overtime. However, Defendants did not properly compensate Plaintiff for all hours worked over 40 in a workweek. Rather, Defendants paid Plaintiff straight time for hours over 40.

23.     Plaintiff's job duties did not fit under any exception to the overtime pay provisions of the FLSA, 29 U.S.C. § 201 *et seq*.

24.     Defendants continue to willfully fail to comply with the maximum hour provisions of the FLSA, 29 U.S.C. § 207, including their refusal to pay additional half time for any of the overtime hours worked by Plaintiff.

4

## IV. VIOLATION OF THE FAIR LABOR STANDARDS ACT

25.     Plaintiff hereby re-alleges the foregoing paragraphs as though fully set forth herein.

26.     Plaintiff is entitled to the FLSA's protections.

27.     Defendants are an enterprise and employer covered by the FLSA.

28.     The overtime provisions of the FLSA apply to Defendants.

29.     Defendants willfully failed to compensate Plaintiff at a rate of one and one-half times his regular hourly rate for all hours worked in excess of 40 hours for the entire time he worked for Defendants.

30.     Defendants, by such repeat failure, willfully violated the overtime provisions of 29 U.S.C. § 207 of the FLSA.

## V. PRAYER FOR RELIEF

31.     **WHEREFORE**, Plaintiff requests this court enter judgment in favor of Plaintiff and against Defendants, for:

A.  All amounts of wages, including overtime, that Plaintiff should have received under the FLSA but for Defendants' willful violation of his rights, plus an equal amount in liquidated damages pursuant to the FLSA, 29 U.S.C. § 216(b);

B.  All reasonable costs, interest and attorney's fees pursuant to the FLSA, 29 U.S.C. § 216(b);

C.  Any such other legal relief as may be appropriate or to which Plaintiff may be entitled under federal law.

Respectfully Submitted,

s/ Curt Masker
Curt M. Masker, TN Bar No. 037594
THE MASKER FIRM
810 Dominican Drive, Suite 314
Nashville, Tennessee 37228
Telephone: (615) 823-1737
Facsimile: (615) 821-0632
curt@maskerfirm.com

*Counsel for Plaintiff*